**KENTUCKY BAR ASSOCIATION, Movant**

v.

**Harry D. WILLIAMS, Respondent.**

**No. 2006–SC–0173–KB.**

Supreme Court of Kentucky.

April 20, 2006.

## OPINION AND ORDER

Harry D. Williams, formerly of Paintsville, Kentucky, but who currently resides in Texas, was admitted to the practice of law in the Commonwealth of Kentucky on July 1, 1966. In January 2001, the Inquiry Commission issued two multi-count charges of unethical conduct against Williams. Williams now seeks to terminate disciplinary proceedings and moves this Court for an order suspending him from the practice of law for a period of one hundred and eighty-one (181) days. The facts underlying his two disciplinary cases are as follows:

### KBA File 8213

Williams was retained to represent Robert Newsome, who was charged with the felony rape of his minor daughter. Although Williams was retained several weeks prior to trial, he failed to obtain a written engagement letter setting forth attorney's fees prior to making an entry of appearance. After Newsome was found guilty, Williams filed a timely notice of appeal. In December 1999, the Court of Appeals issued the first of several show cause orders as to why the appeal should not be dismissed for failure to file a brief. Williams thereafter advised the circuit court that he had not been paid by the Newsome family to pursue the appeal and requested permission to file a motion to withdraw from the case. However, Williams neither filed the motion nor responded to the Court of Appeals' show cause order.

In January 2000, the Court of Appeals dismissed Newsome's appeal and directed Williams to certify to the court that he had served Newsome with a copy of the court's order. Again, Williams failed to comply with the court's order and further failed to notify Newsome of the dismissal. Between March 2000 and October 2000, Williams ignored numerous orders of the Court of Appeals, including two sanctions of $100, as well as an order incarcerating him for thirty days, with the sentence suspended pending a scheduled October appearance date.

On October 3, 2000, Williams appeared before the Court of Appeals and acknowledged that had failed to comply with the court's previous orders and had failed to notify Newsome of the dismissal of his appeal. The court sentenced Williams to forty-eight hours in the Franklin County Jail, the imposition of which was suspended for twenty-four hours on the conditions that Williams pay the previously imposed fines totaling $200 and notify Newsome by certified mail of the dismissal. Williams complied with the order and the court discharged the remainder of the contempt action.

On January 4, 2002, the Inquiry Commission charged Williams with violating: SCR 3.130–1.1, which requires a lawyer to "provide competent representation to a client"; SCR 3.130–1.3, which provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client"; SCR 3.130–1.4(a), which provides that "a lawyer shall keep a client reason-

ably informed about the status of a matter and promptly comply with reasonable requests for information"; SCR 3.130–3.4(c), which provides that a lawyer shall not "knowingly or intentionally disobey an obligation under the rules of a Tribunal ...";and SCR 3.130–8.3(b), which states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

## KBA File No. 8642

In April 1998, Carol Caird hired Williams to represent her in a medical malpractice claim. On January 11, 1999, Williams filed suit in the Fleming Circuit Court on Caird's behalf. In June 2000, the trial court granted one of the defendant's motions to set deadlines for the disclosure of experts, and ordered Caird to disclose her experts within ninety days of the order.

Apparently, Williams was unable to obtain an expert witness to support Caird's theory of the case within the time period provided for in the trial court's order. Subsequently, in September and October of 2000, both defendants filed motions for summary judgment. Williams failed to notify Caird or respond to the motions. Following a hearing on the motions, at which Williams did not appear, the trial court granted summary judgment in favor of the defendant hospital. Williams acknowledges that he did not inform Caird of such.

Caird fired Williams in January 2001 and retained different counsel. However, on February 21, 2001, the trial court entered summary judgment in favor of the defendant doctor.[1]

In January 2002, the Inquiry Commission charged Williams with violations of: SCR 3.130–1.3, which provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client"; and SCR 3.130–1.4(a), which provides that "a lawyer shall keep a client reasonably informed about the status of a matter and promptly reply with reasonable requests for information."

Williams admits guilt to all of the charges, but notes in mitigation that during the time period in question he was suffering from significant bouts of acute depression that stemmed, in part, from his role as the primary caregiver to a disabled mother and sister. Williams states that he has been diagnosed with major depression and sought medical treatment. The KBA responds that Williams has no prior disciplinary history and that the sanction requested herein is supported by Kentucky case law.

THEREFORE IT IS HEREBY ORDERED that:

(1) Harry D. Williams is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one hundred eighty-one (181) days.

(2) In accordance with SCR 3.450 and SCR 3.480(3), Williams is directed to pay all costs associated with this disciplinary proceeding against him in the amount of $111.14, for which execution may issue from this Court upon finality of this order.

(3) Pursuant to SCR 3.390, Williams is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters of his pending suspension and to provide the Director of the Ken-

---

1. Apparently, the trial court had granted summary judgment for both defendants during the October 2000 hearing, but did not enter a written order with respect to the doctor until February 2001.

tucky Bar Association with a copy of all such letters simultaneously to their mailing.

All concur.

Entered: April 20, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE